Filed 11/19/15  P. v. Osborn CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REX OSBORN,<br><br>    Defendant and Appellant. | E063108<br><br>(Super.Ct.No. SWF001535)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [CHANGE IN JUDGMENT] |

THE COURT:

The petition for rehearing filed by appellant Rex Osborn is denied.  It is ordered that the opinion filed herein on October 28, 2015, be modified as follows:

On page 6, under section III, at the end of the dispositional sentence, "The order appealed from is affirmed," add "without prejudice to subsequent consideration of a properly filed petition," so the entire sentence reads as follows:  "The order appealed from is affirmed without prejudice to subsequent consideration of a properly filed petition."

1

Except for the above modifications, the opinion remains unchanged. This modification changes the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


    HOLLENHORST

Acting P. J.


I concur:


    KING

J.

Filed 10/28/15  P. v. Osborn CA4/2 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063108 |
| v. | (Super.Ct.No. SWF001535) |
| REX OSBORN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina, Meagan J. Beale, and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Rex Lane Osborn is currently serving a seven-year prison sentence, which includes, as relevant here, one year imposed as a prison prior enhancement, pursuant to Penal Code[1] section 667.5, subd. (b), based on a prior felony conviction for second degree burglary (§ 459). Subsequent to imposition of this sentence, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (§ 1170.18.) In this appeal, defendant challenges the denial of his petition for resentencing pursuant to Proposition 47. He contends the trial court erred by determining he was not eligible for relief. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2005, defendant pleaded guilty to one felony count, second degree burglary, and admitted a prior strike allegation. The underlying felony complaint had charged defendant with two counts of burglary (§ 459) and two counts of unlawfully possessing a completed check with intent to defraud (§ 475, subd. (c)), as well as four prior prison offenses, including one serious felony conviction. The four counts all relate to the events of February 19, 2002, at a specified bank branch in Hemet, California.

On December 26, 2014, defendant filed in propria persona a petition pursuant to section 1170.18, seeking reduction of the 2005 felony burglary conviction to misdemeanor. Defendant explained that he is currently serving a seven-year prison term,

---

[1] Further undesignated statutory references are to the Penal Code.

2

on a felony conviction for resisting officers (§ 69), with one year of that term imposed as a prison prior (§ 667.5, subd. (b)) based on the 2005 second degree burglary conviction.[2] On February 4, 2015, the trial court denied defendant's petition.[3]

## II.  DISCUSSION

### A.  Background Regarding Proposition 47

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision: section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092; see § 1170.18, subd. (a).)  A person who has already completed a felony sentence for an

---

[2] The record in this appeal does not include any documents relating to defendant's current sentence, such as a copy of the plea agreement (if there was one), the transcript of the sentencing hearing, a court minute order, or an abstract of judgment.  Nevertheless, the People have not disputed defendant's characterization of his current sentence, included in the petition for resentencing and defendant's briefing on appeal.  For present purposes, therefore, we will accept the parties' representations regarding defendant's current sentence.

[3] Additional facts will be discussed below as necessary to address defendant's claims of error.

3

offense that is now a misdemeanor under Proposition 47 "may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

As relevant to the present case, Proposition 47 added section 459.5, which provides in part as follows: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Shoplifting, as newly defined in section 459.5, is a misdemeanor, unless the offense was committed by certain ineligible defendants. (§ 459.5, subd. (a).)

**B. Analysis**

This appeal presents two separate questions. First, is defendant entitled to have his 2005 burglary conviction designated as a misdemeanor, pursuant to section 1170.18, subdivision (f)? Second, what effect, if any, does the designation of that prior conviction as a misdemeanor have on his current sentence, which includes a sentencing enhancement treating the prior conviction as a felony? Because we answer the first question in the negative, we need not reach the second.

An offender may qualify to have a prior felony section 459 conviction designated a misdemeanor, where the facts show the offense would have been a misdemeanor under the definition of shoplifting in section 459.5. (See § 1170.18, subd. (a) [listing § 459.5 among other statutes amended or added by Proposition 47]; § 1170.18, subd. (k).) Nevertheless, defendant bears the burden of showing the facts demonstrating his

4

eligibility for relief under Proposition 47, including the value of the stolen property. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877.)

The present record does not show defendant's entitlement to relief. We can discern from the felony complaint that the conviction at issue related to the burglary of a commercial establishment during business hours; specifically, defendant entered into a bank to commit theft by passing a check or similar instrument with intent to defraud.[4] (See § 459 [defining burglary]; § 459.5 [defining shoplifting]; § 484 [defining theft].) Nothing in the record, however, establishes the value of the property defendant was convicted of stealing.[5] (See § 459.5.) As such, defendant has not met his burden of showing that his felony section 459 conviction would have been a misdemeanor pursuant to section 459.5, had Proposition 47 been in effect at the time.

Because we conclude defendant did not meet his burden of showing eligibility for relief under Proposition 47, we need not consider what effect, if any, the designation of his prior felony conviction as a misdemeanor might have with respect to his current offense. We are not inclined—particularly on the present, incomplete record (see fn. 2, *ante*)—to issue an advisory opinion on the issue. (See *People v. Slayton* (2001) 26

---

[4] The trial court's finding that defendant's conviction related to burglary of a residence is plainly erroneous. Nevertheless, we generally review the trial court's result, not its reasoning. (See *Town of Atherton v. California High-Speed Rail Authority* (2014) 228 Cal.App.4th 314, 354, fn.13.)

[5] The police report, which served as the factual basis for defendant's 2005 plea, is not included in the present record, and the felony complaint related to that offense does not describe the amount defendant was accused of stealing.

5

Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating "'what the law would be upon a hypothetical state of facts.'""].)

### III.  DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

KING
J.

6